# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THOMAS JAMES DEANGELIS,

        Plaintiff,

v.

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

        Defendant.

Case No. 8:24-cv-419-JRK

## **OPINION AND ORDER**[2]

### I. Status

Thomas James DeAngelis ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB") prior to June 8, 2023, but finding he was disabled beginning on that date. Plaintiff's alleged inability to work is the result of "Stage 3 colon cancer; Irreversible Permanent Colostomy; Bone

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

damage from radiation; Depression; Psoriasis; Contact dermatitis; Torn Meniscus; . . . Arthritis; [and] Feet damage." Transcript of Administrative Proceedings (Doc. No. 9), filed April 15, 2024, and Supplemental Transcript (Doc. No. 14), filed April 18, 2024 (collectively "Tr." or "administrative transcript"), at 108; see Tr. at 125, 310, 317.[3] Plaintiff protectively filed an application for DIB on January 9, 2021, alleging a disability onset date of April 8, 2020.[4] Tr. at 279-82. Later, the alleged disability onset date was amended to March 15, 2020. Tr. at 283. The application was denied initially, Tr. at 105, 107-21, 122, 134-37, and upon reconsideration, Tr. at 123, 124, 125-33, 145-46.

On April 5, 2022, an Administrative Law Judge ("ALJ") convened a hearing,[5] during which she briefly heard from Plaintiff, who was represented by counsel. Tr. at 96-104. The hearing was continued because the ALJ did not have sufficient time to review a pre-hearing memorandum that was submitted just days before the hearing. Tr. at 101. On August 9, 2022, the ALJ convened

---

[3] Although filed in this Court as two separate documents, the pagination of the administrative transcript is continuous throughout. The first-filed document has some pages missing, and the second-filed document contains the missing pages. Additionally, some documents within the administrative transcript are duplicated. Citations herein are to the first time a document appears.

[4] Although actually completed on January 15, 2021, see Tr. at 279, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as January 9, 2021, see, e.g., Tr. at 108, 125.

[5] The hearing was held via telephone, with Plaintiff's consent. See Tr. at 98, 100, 183-84, 210.

another hearing,[6] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 42-95. On September 8, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 18-35.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by his lawyer. See Tr. at 5-6 (Appeals Council exhibit list and orders), 273-75 (request for review), 388-97 (brief and attachment). On December 1, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner.

Plaintiff appealed the Commissioner's final decision to this Court. See Compl. (Doc. No. 1), Case No. 8:23-cv-18-SPF, filed Jan. 4, 2023. Then, on unopposed motion of Defendant, Tr. at 4801-03, this Court entered an Order on March 20, 2023 reversing and remanding the matter for further administrative proceedings, Tr. at 4804-05; see also Tr. at 4806 (Judgment).

On remand, the Appeals Council on April 28, 2023 entered an Order remanding the matter to the ALJ for further proceedings. Tr. at 4810-12. On October 17, 2023, the ALJ held a hearing,[7] during which she heard testimony

---

[6] The hearing was held via videoconference, with Plaintiff's consent. See Tr. at 44, 256-57. The VE appeared via telephone. Tr. at 45.

[7] The hearing was held via telephone with Plaintiff's consent. See Tr. at 4742-43, 4919.

from Plaintiff, who was represented by counsel, and a VE. Tr. at 4740-66. On December 14, 2023, the ALJ issued a Decision finding Plaintiff not disabled prior to June 8, 2023, but disabled on that date through the date of the Decision. See Tr. at 4712-29. The Appeals Council declined to assume jurisdiction, making the ALJ's Decision the final decision of the Commissioner. On February 15, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in: 1) establishing Plaintiff's disability onset date as June 8, 2023; 2) not including Plaintiff's need for an emotional support dog in the residual functional capacity ("RFC"); 3) not including Plaintiff's need to irrigate and other symptoms from his ostomy in the RFC; 4) finding Plaintiff has mild limitations in each of the four broad mental functioning areas but not including any mental limitations in the RFC; and 5) circumventing the Medical-Vocational Rules. Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 15; "Pl.'s Mem."), filed May 15, 2024, at 1-2, 5-9, 9-12, 12-15, 15-22, 22-24. On June 14, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem.") addressing Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's

final decision is due to be reversed and remanded for reconsideration of whether Plaintiff's emotional support dog needs to be included in his RFC. On remand, this reconsideration may impact the Administration's consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[8] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past

---

[8]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 4715-29. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 15, 2020, the alleged onset date." Tr. at 4715 (emphasis and citation omitted). At step two, the ALJ found that "[s]ince the alleged onset date of disability, March 15, 2020, [Plaintiff] has had the following severe impairments: degenerative joint disease of the left shoulder; degenerative disc disease of the cervical spine; degenerative joint disease of the bilateral knees; bilateral hearing impairment; stage III colon cancer in remission with osteotomy; vertigo; and parastomal hernia." Tr. at 4716 (emphasis and citation omitted). At step three, the ALJ found that "[since] March 15, 2020, [Plaintiff] has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 4718 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following RFC prior to June 8, 2023:

> [Plaintiff could] perform light work as defined in 20 CFR [§] 404.1567(b) with the following additional limitations: no climbing of ladders, ropes, or scaffolds; occasional balancing on slippery, uneven, or erratically moving surfaces; occasional climbing of ramps or stairs, stooping, crouching, kneeling, and/or crawling; no more than frequent overhead reaching with the left upper extremity in a left-hand dominant person, but no other limitations to reaching in any other direction or plane; no more than frequent handling, fingering, and operation of hand controls on the right-hand side in a left-hand dominant person; no exposure to unprotected heights; and no more than occasional exposure to noise levels above SCO noise level three.

Tr. at 4718-19 (emphasis omitted). After June 8, 2023, the ALJ limited Plaintiff to sedentary work with additional restrictions. Tr. at 4727.

At step four, the ALJ found that "[p]rior to June 8, 2023, [Plaintiff] was capable of performing past relevant work as a training instructor." Tr. at 4726 (some emphasis and citation omitted). The ALJ then found that after June 8, 2023, Plaintiff's RFC prevented him from being able to perform any past relevant work or any other work available in significant numbers in the national economy. Tr. at 4728. The ALJ concluded Plaintiff "was not disabled prior to June 8, 2023, but became disabled on that date and has continued to be disabled through the date of th[e D]ecision." Tr. at 4729 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given

to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in failing to take into account in the RFC that he was prescribed and relies upon an emotional support dog. Pl.'s Mem. at

9-12. According to Plaintiff, a letter authored by his licensed clinical social worker, Linda Burke, in March 2022 that indicated Plaintiff had been prescribed the emotional support animal constitutes a "medical opinion" and the ALJ's failure to address it was error. Id. at 11-12. Responding, Defendant argues "the ALJ considered Plaintiff's need for an emotional support dog." Def.'s Mem. at 9. Further, Defendant takes issue with the characterization of Ms. Burke's letter as a "medical opinion." Id. at 10-11.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

When "a hypothetical question posed to a VE does not comprehensively account for impairments found by the ALJ" in the RFC, "the VE's answer does not qualify as substantial evidence to support the ALJ's decision." Lowery v. Acting Comm'r, Soc. Sec. Admin., No. 22-13913, 2024 WL 890133, at *3 (11th Cir. Mar. 1, 2024) (unpublished) (citing Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985)). In Lowery, "the ALJ failed to account for an additional mental restriction that she found qualified [the claimant's] RFC: his need for [an] emotional support dog that he received as part of a clinical study for veterans suffering from PTSD." Id. (emphasis omitted). "As a result, the ALJ's hypotheticals posed to the VE were not complete." Id. Found the Eleventh Circuit, "[b]y failing to include [the claimant's] need for [his dog] by his side during the workday, the factual assumptions underlying the hypothetical scenario posed to the VE did not fully account for [the claimant's] limitations." Id.

Here, the ALJ failed to consider in the first instance whether Plaintiff has a need for the emotional support dog such that it should be included in his RFC. Regardless of whether Ms. Burke's March 2022 letter qualifies as a "medical opinion" pursuant to the Regulations,[9] the fact remains that the ALJ was

---

[9] The ALJ treated part of Ms. Burke's letter as a "medical source statement," finding "unpersuasive" her view that Plaintiff meets certain definitions of disabled and has "certain limitations." Tr. at 4726 (quoting letter).

aware through the letter and Plaintiff's testimony that he had been prescribed an emotional support dog. See Tr. at 4527 (letter), 57-58 (testimony). During the August 9, 2022 hearing, Plaintiff testified he had been prescribed the emotional support animal but had not yet obtained one. Tr. at 57-58. In the most recent Decision, the ALJ's only reference to a service animal was: "The undersigned discussed with [Plaintiff] how [his] counselor recommends that [Plaintiff] obtain an emotional support dog," Tr. at 4720, evidently referring to the August 9, 2022 hearing. However, by January 2023, Plaintiff had a dog, Sonny, who was training as a service dog and was regularly accompanying Plaintiff to his doctor visits and "help[ing] him a great deal." See, e.g., Tr. at 5004, 5051, 5057, 5066, 5089, 5134, 5154, 5172-73, 5194. None of this is acknowledged by the ALJ in the recent Decision. Judicial review is therefore frustrated because the Court cannot be sure the ALJ considered whether

Plaintiff's need for an emotional support dog should be included in his RFC.[10] See Lowery, 2024 WL 890133, at *3.[11]

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider Plaintiff's RFC, particularly whether Plaintiff's need for an emotional support dog should be included;

(B) If necessary, address Plaintiff's other arguments in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

---

[10] As stated earlier, the ALJ found Plaintiff was disabled after June 2023, but the prescription for the support animal goes at least as far back as the March 2022 letter from Ms. Burke and the obtaining of the dog goes back to January 2023. Plaintiff specifically argues in this appeal that the ALJ erred in determining his disability onset date. See Pl.'s Mem. at 1, 5-9. Moreover, reconsideration of this issue could affect other issues on appeal, such as the ALJ's finding of Plaintiff having "mild" limitations in all four broad mental functioning areas and election not to include any mental limitations in the RFC. See Tr. at 4716-18, 4718-19.

[11] Defendant attempts to distinguish Lowery by arguing that "the [VE] was not questioned about Plaintiff's need for an emotional support animal and did not provide any testimony regarding Plaintiff's need for an emotional support dog at either Plaintiff's August 2022 hearing or his October 2023 hearing." Def.'s Mem. at 10 (citing Tr. at 74-92, 4759-63). But, the VE did not testify on these matters because the hypothetical did not include them. The Administration needs to decide, in the first instance, whether to include the need for an emotional support animal given its prevalence in the administrative transcript. On this record, the Court cannot say the matter was given adequate consideration.

2.  The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 28, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record